UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
MIRIAM HUANETL, individually and on behalf of all
others similarly situated,

                                Plaintiff,                                            CIVIL ACTION NO.

                          -against-                                                COMPLAINT

79-11 COATZINGO RESTAURANT INC. and RUFINO
ZAPATA,

                                Defendants.
-------------------------------------------------------------------------------X

       Plaintiff Miriam Huanetl ("Plaintiff"), individually and on behalf of all others similarly situated, by her attorneys, Katz Melinger PLLC, complaining of the defendants, 79-11 Coatzingo Restaurant Inc. ("Coatzingo") and Rufino Zapata (collectively "Defendants"), respectfully alleges as follows:

**I. Nature of Action, Jurisdiction, and Venue**

       1.     This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and New York Labor Law ("NYLL") §§ 190 *et seq.* and 650 *et seq.*

       2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

       3.     This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

1

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the state of New York.

6. Defendant Coatzingo is a domestic corporation with its principal place of business located at 79-11 Roosevelt Avenue, Jackson Heights, New York 11372.

7. Coatzingo is a restaurant that serves Mexican cuisine.

8. Defendant Zapata is an individual residing, upon information and belief, in the state of New York.

9. At all relevant times, Zapata was and still is an owner, officer, director, shareholder, and/or person in control of Coatzingo who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

10. At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities, and for supervising her performance.

11. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

12. At all relevant times, Defendants were responsible for compensating Plaintiff.

13. Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

14.     Defendants are covered employers within the meaning of the FLSA and NYLL and, at all relevant times, employed Plaintiff.

15.     At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

16.     Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

17.     Defendants operate in interstate commerce.

18.     Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

19.     The First and Third Causes of Action in this Complaint, which arise out of the FLSA, are brought by Plaintiff on behalf of herself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint, and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

20.     Upon information and belief, the FLSA Collective Plaintiffs consist of approximately fifteen (15) similarly situated current and former employees of Defendants, who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum wages and overtime compensation.

21.     As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to provide its employees with minimum wages and overtime compensation for all hours worked in excess of forty (40) per week.

22. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

23. Defendants' unlawful conduct has been intentional, willful, in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

24. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

25. Defendants employed Plaintiff as a waitress from on or around June 14, 2012 until on or around February 9, 2020.

26. As a waitress, Plaintiff's job duties included, *inter alia*, cleaning the restaurant, waiting tables, greeting customers, and receiving package deliveries.

27. From the start of her employment until in or around December 2015, Plaintiff regularly worked Tuesdays through Sundays from approximately 8:00 a.m. until 6:00 p.m., for a total of approximately sixty (60) hours per week.

28. However, during this time period, approximately two (2) days per week, Plaintiff was required to work late for a total of approximately four (4) additional hours on each such day ("Late Days"), bringing her weekly total to approximately sixty-eight (68) hours worked per week.

29. From in or around January 2016 until in or around December 2018, Plaintiff regularly worked Tuesdays through Sundays from approximately 8:00 a.m. until 4:00 p.m., for a total of approximately forty-eight (48) hours per week.

30. However, during this time period, Plaintiff was required to work approximately two (2) Late Days per week, bringing her weekly total to approximately fifty-six (56) hours per week.

31. From in or around January 2019 until the end of her employment, Plaintiff regularly worked Wednesdays, Thursdays, Saturdays, and Sundays from approximately 11:00 a.m. until 7:00 p.m.; and Tuesdays and Fridays from approximately 9:00 a.m. until 3:00 p.m., for a total of approximately forty-four (44) hours per week.

32. During this time period, Plaintiff was required to work approximately two (2) Late Days per week bringing her weekly total to approximately fifty-two (52) hours per week

33. Also during this time period, every other week, Plaintiff did not work Tuesdays, bringing her weekly total to approximately forty-six (46) hours on each such week.

34. Throughout Plaintiff's employment, Defendants tracked the hours that Plaintiff worked by requiring Plaintiff to punch in/out on Defendants' time keeping system.

35. However, on Late Days, Defendants instructed Plaintiff to punch out at her respective regularly scheduled end time, and to continue working late until instructed.

36. From the start of her employment until in or around December 2015, Defendants compensated Plaintiff at a fixed rate of $120.00 per week, regardless of the number of hours she worked each week.

37. During the aforementioned time period, Plaintiff received approximately $200.00 to $220.00 per week in tips.

38. From in or around January 2016 until in or around December 2017, Defendants compensated Plaintiff at a fixed hourly rate of $5.00 per hour for all hours worked, including all hours worked over forty (40) per week.

39. During the aforementioned time period, Plaintiff received approximately $180.00 per week in tips.

40. From in or around January 2018 until the end of her employment, Defendants compensated Plaintiff at a fixed hourly rate of $8.00 per hour for all hours worked, including all hours worked over forty (40) per week.

41. During the aforementioned time period, Plaintiff received approximately $180.00 to $200.00 per week in tips.

42. Throughout her employment, Plaintiff was compensated entirely in cash.

43. Throughout her employment with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to minimum wages, spread of hours pay, and overtime compensation.

44. However, throughout her employment, Plaintiff was not paid at least the minimum wage for all hours worked.

45. Furthermore, despite routinely working over forty (40) hours per week, Plaintiff was not paid overtime compensation of one and one-half (1.5) times her regular hourly rate of pay or the applicable minimum wage, whichever is greater, for all overtime hours worked.

46. Plaintiff also frequently worked shifts that spanned more than ten (10) hours per day, but was not paid spread of hours wages of one additional hour at the minimum wage rate for every day in which her shift exceeded ten (10) hours ("spread of hours pay").

47. Plaintiff further did not receive a notice at the time of hire, or at any time thereafter, containing her rates of pay and the designated payday, or any other information required by NYLL § 195(1).

48. In addition, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing her regular and overtime rates of pay and the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

49. Defendants violated federal and state law by willfully failing to pay Plaintiff the statutory minimum wages, overtime compensation, and spread of hours wages owed to her, and by failing to provide Plaintiff with statutory payroll notices and wage statements.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
*(Overtime Violations under the FLSA)*

50. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

51. Pursuant to the applicable provisions of 29 U.S.C. § 207, Plaintiff and the FLSA Collective Plaintiffs were entitled to receive overtime compensation of one and one-half (1.5) times their regular hourly rate or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

52. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

53. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular rate of pay or the applicable minimum wage, whichever is greater, for each hour worked in excess of forty (40) per week.

54. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

55. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

56. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of Plaintiff's and the FLSA Collective Plaintiffs' unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
*(Overtime Violations under the NYLL)*

57. Plaintiff repeats and realleges all prior allegations set forth above.

58. Pursuant to the applicable provisions of NYLL § 650 *et seq.*, Plaintiff was entitled to receive overtime compensation of one and one-half (1.5) times her regular hourly rate or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

59. Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

60. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times her regular rate or the applicable minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours per week.

61. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

62. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

63. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
*(Minimum Wage Violations under the FLSA)*

64. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

65. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to the statutory minimum hourly wages for all hours worked.

66. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the statutory minimum wages for all of the hours they worked.

67. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required minimum wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

68. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

69. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the Third Cause of Action in the amount of their unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(*Minimum Wage Violations under the NYLL*)

70. Plaintiff repeats and realleges all prior allegations set forth above.

71. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to receive at least the statutory minimum wage for all hours worked.

72. Throughout Plaintiff's employment, Defendants knowingly failed to pay Plaintiff at least the statutory minimum wages for the hours she worked.

73. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

74. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

75. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION
*(Spread of Hours Violations under the NYLL)*

76. Plaintiff repeats and realleges all prior allegations.

77. Plaintiff regularly worked shifts that spanned more than ten (10) hours per day.

78. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff's shift spanned more than ten (10) hours.

79. By failing to pay Plaintiff spread of hours pay, Defendants willfully violated NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to the Hospitality Industry Wage Order, 12 N.Y.C.R.R. §§ 146-1.6.

80. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of her unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SIXTH CAUSE OF ACTION
*(Failure to Timely Pay Wages under the NYLL)*

81. Plaintiff repeats and realleges all prior allegations set forth above.

82. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid her earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

83. During the relevant time period, Defendants routinely failed to pay Plaintiff all of her earned wages in accordance with the agreed-upon terms of employment.

84. During the relevant time period, Defendants failed to timely pay Plaintiff all her earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

85. Throughout the relevant time period, Defendants failed to pay Plaintiff all wages earned by Plaintiff, including minimum wages, overtime wages, and spread of hours pay, in violation of NYLL § 191(1)(a)(i).

86. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

87. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action for all wages due, liquidated damages, all reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
*(Failure to Provide Payroll Notices under the NYLL)*

88. Plaintiff repeats and realleges all prior allegations set forth above.

89. Throughout the relevant time period, Defendants failed to furnish to Plaintiff a notice containing the rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; and other information required by NYLL § 195(1).

90. As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), she is entitled to liquidated damages of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

91. Judgement should be entered in favor of Plaintiff and against Defendants on the Seventh Cause of Action in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
*(Failure to Provide Wage Statements under the NYLL)*

92. Plaintiff repeats and realleges all prior allegations set forth above.

93. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: rate or rates of pay and basis thereof; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

94. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

95. Judgment should be entered in favor of Plaintiff and against Defendants on the Seventh Cause of Action in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**WHEREFORE** Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, prays for relief as follows:

a) on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated

damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all minimum wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all minimum wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for all spread of hours wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for all wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees in an amount to be determined by this Court;

h) on the Eighth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees in an amount to be determined by this Court;

i) Interest;

j) Costs and disbursements; and

k) Such other and further relief as is just and proper.

Dated: New York, New York
February 11, 2021

>*/s/ Nicola Ciliotta*
>Nicola Ciliotta
>KATZ MELINGER PLLC
>280 Madison Avenue, Suite 600
>New York, New York 10016
>(212) 460-0047
>nciliotta@katzmelinger.com
>*Attorneys for Plaintiff*