UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

MIRIAM HUANETL, individually and on
behalf of all others similarly situated,

                     Plaintiff,

       -against-

79-11 COATZINGO RESTAURANT INC.,
RUFINO ZAPATA, 76 TAQUERIA NO. 2
CORP. D/B/A COATZINGO
RESTAURANT, MAXIMO OREA, AND
MANUEL SANCHEZ,

                    Defendants.

SETTLEMENT AGREEMENT
21-cv-00766-DG-RLM

----------------------------------------------------------------X

## NEGOTIATED SETTLEMENT AGREEMENT

      WHEREAS, the plaintiff, Miriam Huanetl, on the one hand, and the defendants 79-11 Coatzingo Restaurant Inc., Rufino Zapata, 76 Taqueria No. 2 Corp. d/b/a Coatzingo Restaurant, Maximo Orea, and Manuel Sanchez (collectively, "Defendants"), on the other hand, desire to resolve, settle and agree to dismiss with prejudice any and all claims which Plaintiff made in by the filing of a complaint (the "Complaint") in the above-captioned action pending in the U.S. District Court for the Eastern District of New York, Civil Action No. 21-cv-00766-DG-RLM (the "Lawsuit"), without further litigation or adjudication;

      WHEREAS, Plaintiff and Defendants understand and agree that Defendants deny each and every allegation of liability and/or wrongdoing, including, but not limited to, the allegations and statements contained in pleadings in the Lawsuit and any other matter or thing whatsoever;

WHEREAS, a dispute exists as to Plaintiff's claims for alleged unpaid wages;

WHEREAS, Plaintiff and Defendants understand and agree that neither the making of this Negotiated Settlement Agreement ("Agreement") nor anything contained herein shall be construed or considered in any way to be an admission by Defendants or any other person or entity of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, employer's policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and,

WHEREAS, the Lawsuit shall be dismissed in its entirety and with prejudice by the Court pursuant to the Stipulation and Order of Dismissal with Prejudice in the form attached as **Exhibit A** that shall be executed by counsels for Plaintiff and Defendants, as set forth below:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:

1.    <u>Definition of Parties</u>.

(a)    "Releasor" shall be defined to include the Plaintiff in this Lawsuit, for herself and on behalf of any of her present or former spouse(s), dependents, heirs, assigns, lien holders, fiduciaries, successors, creditors, debtors, and counsel;

(b)    "Releasees" shall be defined to include Defendants herein, and the current and former employees of any such entity, and any otherwise related persons or entities whom Plaintiff claims or may claim employed Plaintiff within the meaning of the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL") at any time during Plaintiff's employment with Defendants.

2.      <u>Consideration</u>. In exchange for the promises and covenants made herein by Plaintiff, Defendants shall pay to Plaintiff the total sum of Eighty Thousand Dollars and No Cents ($80,000.00) (the "Settlement Amount") as follows:

(a)      Within thirty (30) days of the date on which the Court approves this Agreement, Defendants shall pay Plaintiff the sum of Thirty Thousand Dollars and No Cents ($30,000.00) (the "Initial Payment"), which shall be allocated as follows:

(i)      One check made payable to Miriam Huanetl in the amount of Nineteen Thousand Three Hundred Sixty Dollars and Fifty-Five Cents ($19,360.55), less applicable taxes and withholdings, which shall be reported on an IRS Form W-2 as and for alleged unpaid wages; and

(ii)      One check made payable to Katz Melinger PLLC in the amount of Ten Thousand Six Hundred Thirty-Nine Dollars and Forty-Five Cents ($10,639.45), from which no withholdings shall be taken, which shall be reported on an IRS Form 1099 representing costs in the amount of Nine Hundred Fifty-Nine Dollars and Eighteen Cents ($959.18) and attorneys' fees in the amount of Nine Thousand Six Hundred Eighty Dollars and Twenty-Seven Cents ($9,680.27).

(b)      Within thirty (30) days of the date on which the Initial Payment becomes due and payable, and on the same date of each month for twenty-eight (28) consecutive months thereafter, Defendants shall pay Plaintiff the remaining Fifty Thousand Dollars and No Cents ($50,000.00) in installments (the "Installments") as follows:

**The first Installment shall be allocated as follows:**

(i)      One check made payable to Miriam Huanetl in the amount of One Thousand One Hundred Forty-Nine Dollars and Forty-Three Cents ($1,149.43),

less applicable taxes and withholdings, which shall be reported on an IRS Form W-2 as and for alleged unpaid wages; and

(ii)    One check made payable to Katz Melinger PLLC in the amount of Five Hundred Seventy-Four Dollars and Seventy-One Cents ($574.71), from which no withholdings shall be taken, which shall be reported on an IRS Form 1099 as and for attorneys' fees.

**The second Installment shall be allocated as follows:**

(i)    One check made payable to Miriam Huanetl in the amount of Eight Hundred Thirty-Six Dollars and Ninety-Seven Cents ($836.97), less applicable taxes and withholdings, which shall be reported on an IRS Form W-2 as and for alleged unpaid wages; and

(ii)    One check made payable to Miriam Huanetl in the amount of Three Hundred Twelve Dollars and Forty-Six Cents ($312.46), from which no withholdings shall be taken, which shall be reported on an IRS Form 1099 as and for alleged liquidated damages; and

(iii)    One check made payable to Katz Melinger PLLC in the amount of Five Hundred Seventy-Four Dollars and Seventy-One Cents ($574.71), from which no withholdings shall be taken, which shall be reported on an IRS Form 1099 as and for attorneys' fees.

**The third through twenty-eighth Installments shall be allocated as follows:**

(i)    One check made payable to Miriam Huanetl in the amount of One Thousand One Hundred Forty-Nine Dollars and Forty-Three Cents ($1,149.43),

from which no withholdings, shall be taken, which shall be reported on an IRS Form 1099 as and for liquidated damages and penalties under the NYLL; and

(ii)    One check made payable to Katz Melinger PLLC in the amount of Five Hundred Seventy-Four Dollars and Seventy-One Cents ($574.71), from which no withholdings shall be taken, which shall be reported on an IRS Form 1099 as and for costs and attorneys' fees.

**The twenty-ninth Installment shall be allocated as follows:**

(i)    One check made payable to Miriam Huanetl in the amount of One Thousand One Hundred Forty-Nine Dollars and Thirty-Nine Cents ($1,149.39), from which no withholdings, shall be taken, which shall be reported on an IRS Form 1099 as and for liquidated damages and penalties under the NYLL; and

(ii)    One check made payable to Katz Melinger PLLC in the amount of Five Hundred Seventy-Four Dollars and Sixty-Nine Cents ($574.69), from which no withholdings shall be taken, which shall be reported on an IRS Form 1099 as and for costs and attorneys' fees.

The payment schedule set forth under this paragraph "2" is summarized in the chart attached as **Exhibit B**.

3.    <u>Delivery of Payments</u>. All payments under this Agreement shall be delivered via USPS First Class Mail on or before the deadlines set forth in paragraph "2" above as follows:

(a)    To Miriam Huanetl, at 37-61 80th Street, Apt. 2B, Queens, New York 11372, or any other address provided in writing by Katz Melinger PLLC or Miriam Huanetl to Defendants' counsel; and

(b)    To Katz Melinger PLLC, at 370 Lexington Avenue, Suite 1512, New York, New York 10017, or any other address provided in writing by Katz Melinger PLLC to Defendants' counsel.

4.    <u>Tax Forms</u>. No payment due under paragraph "2" above shall be due and payable until Plaintiff or Plaintiff's counsel provides Defendants' counsel with copies of; (a) a completed IRS Form W-4 for Plaintiff; (b) a completed IRS Form W-9 for Plaintiff; (c) a completed IRS Form W-9 for Plaintiff's counsel; and (d) an executed Stipulation of Dismissal with Prejudice.

5.    <u>Indemnification</u>.

(a)    Plaintiff agrees to indemnify and hold Defendants harmless against any and all tax liabilities, claims, damages, and costs, including reasonable attorneys' fees, that Defendants may incur as a result of Plaintiff's failure to pay any taxes on the Settlement Amount; provided, however, that Plaintiff shall bear no responsibility for or in connection with Defendants' failure to make any employers' contributions to payroll taxes related to that portion of the Settlement Amount determined and subject to W-2 reporting.

(b) 79-11 Coatzingo Restaurant Inc., 76 Taqueria No. 2 Corp. d/b/a Coatzingo Restaurant, Maximo Orea, and Manuel Sanchez agree to indemnify and hold Rufino Zapata harmless against any and all claims and/or costs by Plaintiff against Rufino Zapata, including but not limited to attorneys' fees incurred to defend said claims or costs.

6.    <u>Confessions of Judgment; Default.</u> Concurrently with the execution of this Agreement, Defendants shall each execute an affidavit of judgment by confession ("Confession of Judgment") in the forms annexed hereto as **Exhibit C**. The Parties hereby acknowledge and agree that:

(c)     Defendants' execution and delivery of the Confessions of Judgment to counsel for Plaintiff constitutes a material term of this Agreement, and Defendants' failure to deliver the executed Confessions of Judgment to counsel for Plaintiff concurrently with an executed copy of this Agreement shall render this Agreement null and void.

(d)     The executed Confessions of Judgment will be held in escrow by Plaintiff's counsel and will not be filed unless Defendants fail to timely pay any portion of the Settlement Amount as set forth in paragraph "2" above and in **Exhibit B** ("Default") and fail to "timely" cure such Default. For purposes of this Agreement, a cure shall be "timely" if it is made: (i) for Defendants' first Default under this Agreement, within ten (10) days of Defendants' receipt of written notice of said Default ("Notice of Default"); and (ii) for Defendants' second Default under this Agreement, within five (5) days of Defendants' receipt of a Notice of Default. Should Plaintiff or her counsel deliver two (2) Notices of Default to Defendants, then all future payments due to Plaintiff under this Agreement shall be deemed time of the essence and Plaintiff shall be entitled to immediately file the Confessions of Judgment or bring suit against Defendants for breach of this Agreement upon any additional Default without further notice to Defendants.

(e)     All Notices of Default and other written demands to Defendants shall be delivered to Defendants via their counsel via email and USPS First Class Mail as follows:

To Rufino Zapata:

Leavitt Kerson & Sehati
Attn: Paul E. Kerson
118-35 Queens Boulevard, Suite 950
Forest Hills, NY 11375
kersonpaul@aol.com

To 79-11 Coatzingo Restaurant Inc., 76 Taqueria No. 2 Corp. d/b/a Coatzingo Restaurant, Maximo Orea, and Manuel Sanchez:

Heriberto Cabrera, Esq.
480 39th Street, 2nd Floor
Brooklyn, NY 11232
herblaw11232@gmail.com

Delivery of any Notice of Default or written demand to Defendants' counsel by email or first class mail shall constitute receipt of the Notice of Default or written demand by the respective Defendant(s) to whom said counsel represents.

(f)     Should Plaintiff or her counsel file any of the Confessions of Judgment in Court, or bring claims against Defendants for breach of this Agreement, then: (i) upon the entry of any judgment against any Defendant, Plaintiff, or her counsel, shall promptly file a Partial Satisfaction of Judgment crediting Defendants with any payments made under this Agreement; and (ii) Plaintiff shall be entitled to recover from Defendants, in addition to the amounts confessed in the Confessions of Judgment or any unpaid portion of the Settlement Amount, all costs and reasonable attorneys' fees incurred by Plaintiff from the date of Defendants' breach of this Agreement, including any costs and reasonable attorneys' fees incurred in entering and enforcing any judgment against any of the Defendants and entering and enforcing any additional judgments against Defendants for said costs and reasonable attorneys' fees.

(g)     For the Confession of Judgment for Rufino Zapata only, Plaintiff will credit each dollar timely paid to Plaintiff as if Plaintiff was paid Three Dollars ($3).

7.    <u>Release</u>. Plaintiff releases, waives, acquits and forever discharges Releasees, jointly and severally, from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which Plaintiff may have or claims to have against any of the Releasees regarding any matter in connection with Plaintiff's compensation, rate(s) of pay, overtime pay, minimum wage violations, spread of hours wages, Wage Theft Prevention Act violations, or recordkeeping violations related to Plaintiff's employment with Defendants, as well as any related attorneys' fees and/or costs incurred in the prosecution of the Lawsuit, except as expressly provided in this Agreement.

8.    <u>Non-Admission of Wrongdoing</u>. Plaintiff and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability, wrongdoing, or unlawful conduct of any kind by Defendants.

9.    <u>Section Headings</u>. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

10.    <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

11.    <u>Governing Law.</u> This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question. Any action or proceeding by either of the parties to enforce this Agreement shall be brought in the federal and state courts within the Eastern District of New York. The parties hereby irrevocably submit to the non-exclusive jurisdiction of these courts and waive the defense of inconvenient forum to the maintenance of any action or proceeding in such venues.

12.    <u>Severability.</u> Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of the Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of the Agreement.

13.    <u>No Modification Except In Writing.</u> This Agreement cannot be modified or changed except by a writing, signed by the Parties, with specific reference to this Agreement.

14.    <u>Construction.</u> The language of this Agreement shall be in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

15.    <u>No Other Representations or Agreements.</u> The Parties acknowledge that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

16.     <u>Advice of Counsel</u>. Plaintiff acknowledges that she has had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of her choosing. Plaintiff and Defendants hereby represent that they have consulted their attorney(s) about the Agreement before signing it. The parties further acknowledge that they have read this Agreement in its entirety, that they have had an opportunity to discuss it with counsel, that they understand its terms, that they are fully competent to enter into it, that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

17.     <u>Voluntary Agreement</u>. Plaintiff and Defendants agree that they are signing this Agreement of their own free will, without coercion or duress, and voluntarily assent to all the terms and conditions contained herein.

18.     <u>Signatories</u>. Each of the terms of this Agreement is binding upon each of the signatories hereto, their respective predecessors, successors, transferees, executors, administrators, heirs and assigns, and each signatory to this Agreement represents and warrants that they are authorized to execute this Agreement on behalf of the party or parties that they purport to represent.

19.     <u>Number</u>. The use of the singular form of any word herein includes the plural and vice versa.

20.     <u>Execution</u>.

(a)     The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and Defendants. Plaintiff fully understands that this Agreement releases, settles, bars, and waives any and all wage claims that Plaintiff has or possibly could have against Releasees, as set forth in paragraph "7" herein. Plaintiff further represents that she is fully satisfied with the advice and counsel provided by her attorneys.

(b)     Upon the complete execution of this Agreement, Plaintiff's counsel and Defendants' counsel shall sign the Stipulation and Order of Dismissal with Prejudice, and Plaintiff's counsel shall prepare and file an application requesting judicial approval of the Parties' settlement as reflected in this Agreement.

(c)     Plaintiff fully understands the terms of this Agreement.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HER COUNSEL, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement as follows:

*PLAINTIFF:*

Dated:   December __20__ 2022        _____
                                                                    Miriam Huanetl


*DEFENDANTS:*

Dated:   December ____, 2022        _____
                                                                   Maximo Orea


Dated:   December ____, 2022        _____
                                                                   Manuel Sanchez


Dated:   December ____, 2022        _____
                                                                   Rufino Zapata


**[SIGNATURES CONTINUE ON THE FOLLOWING PAGE]**

12

(b)     Upon the complete execution of this Agreement, Plaintiff's counsel and Defendants' counsel shall sign the Stipulation and Order of Dismissal with Prejudice, and Plaintiff's counsel shall prepare and file an application requesting judicial approval of the Parties' settlement as reflected in this Agreement.

(c)     Plaintiff fully understands the terms of this Agreement.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HER COUNSEL, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement as follows:

*PLAINTIFF:*

Dated:  December _____, 2022

_____
Miriam Huanetl

*DEFENDANTS:*

Dated:  December _____, 2022

_____
Maximo Orea

Dated:  December _____, 2022

_____
Manuel Sanchez

Dated:  December 21, 2022

_____
Rufino Zapata

**[SIGNATURES CONTINUE ON THE FOLLOWING PAGE]**

12

(b)    Upon the complete execution of this Agreement, Plaintiff's counsel and Defendants' counsel shall sign the Stipulation and Order of Dismissal with Prejudice, and Plaintiff's counsel shall prepare and file an application requesting judicial approval of the Parties' settlement as reflected in this Agreement.

(c)    Plaintiff fully understands the terms of this Agreement.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HER COUNSEL, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement as follows:

*PLAINTIFF:*

Dated:    December _____, 2022

_____
Miriam Huanetl

*DEFENDANTS:*

Dated:    December **20**, 2022

_____
Maximo Orea

Dated:    December **20**, 2022

_____
Manuel Sanchez

Dated:    December _____, 2022

_____
Rufino Zapata

**[SIGNATURES CONTINUE ON THE FOLLOWING PAGE]**

79-11 Coatzingo Restaurant Inc.

Date: December 20, 2022

_____
By: Manuel Sanchez - President


76 Taqueria No. 2 Corp., d/b/a
Coatzingo Restaurant

Date: December 20, 2022

_____
By: Manuel Sanchez - President

13

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

MIRIAM HUANETL, individually and on
behalf of all others similarly situated,

                                        Plaintiff,

                  -against-

79-11 COATZINGO RESTAURANT INC.,
RUFINO ZAPATA, 76 TAQUERIA NO. 2
CORP. D/B/A COATZINGO
RESTAURANT., MAXIMO OREA, AND
MANUEL SANCHEZ
                                        Defendants.

-----------------------------------------------------------------X

## **STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

**WHEREAS**, Plaintiff and Defendants to the above-captioned action, by their respective

counsel, having jointly applied for entry of an Order of Voluntary Dismissal with Prejudice

approving the parties' negotiated settlement agreement, and the parties having consented to the

entry of this Order; and sufficient cause appearing for the same; after due deliberation;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned

counsel for the parties, and ordered by this Court, that this action be hereby dismissed and

discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of

Civil Procedure, and

**IT IS FURTHER STIPULATED AND AGREED** that this Court shall retain jurisdiction

to enforce the terms of this Agreement, and

**IT IS FURTHER STIPULATED AND AGREED** that electronic signatures or copies of signatures on this Stipulation shall serve the same purpose as original signatures.


KATZ MELINGER PLLC                                    HERIBERTO CABRERA, ESQ.

By: _____              By: _____
    Adam Sackowitz                                          Heriberto Cabrera, Esq.
    370 Lexington Avenue, Suite 1512              480 39th Street, 2nd floor
    New York, New York 10017                        Brooklyn, New York 11232
    *Attorneys for Plaintiff*                              *Attorneys for 79-11 Coatzingo*
                                                                  *Restaurant Inc., 76 Taqueria No. 2*
                                                                  *Corp. d/b/a Coatzingo Restaurant,*
    Dated: December ___, 2022                        *Maximo Orea, and Manuel Sanchez*


                                                                  Dated: December ___, 2022


                                                                  LEAVITT KERSON & SEHATI

                                                                  By: _____
                                                                      Paul E. Kerson
                                                                      118-35 Queens Boulevard, Suite 950
                                                                      Forest Hills, New York 11375
                                                                      *Attorneys for Rufino Zapata*


                                                                  Dated: December ___, 2022


The Court hereby approves the settlement and dismissal of the instant action with prejudice.

SO ORDERED this ___ day of _____, 2023


_____
United States Magistrate Judge


2

# EXHIBIT B

| Settlement Payment Schedule | | | | | | |
|---|---|---|---|---|---|---|
| Installment | Amount | W-2 | 1099 | KM Fees | KM Expenses | Total |
| Initial Payment | $ 30,000.00 | $ 19,360.55 | $ - | $ 9,680.27 | $ 959.18 | $ 30,000.00 |
| Installment 1 | $ 1,724.14 | $ 1,149.43 | $ - | $ 574.71 | $ - | $ 1,724.14 |
| Installment 2 | $ 1,724.14 | $ 836.97 | $ 312.46 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 3 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 4 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 5 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 6 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 7 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 8 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 9 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 10 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 11 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 12 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 13 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 14 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 15 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 16 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 17 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 18 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 19 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 20 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 21 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 22 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 23 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 24 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 25 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 26 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 27 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 28 | $ 1,724.14 | $ - | $ 1,149.43 | $ 574.71 | $ - | $ 1,724.14 |
| Installment 29 | $ 1,724.08 | $ - | $ 1,149.39 | $ 574.69 | $ - | $ 1,724.08 |
| Totals | $ 80,000.00 | $ 21,346.94 | $ 31,346.94 | $ 26,346.94 | $ 959.18 | $ 80,000.00 |

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------------X
MIRIAM HUANETL,                                              Index No.

                                    Plaintiff,

                     -against-

 76 TAQUERIA NO. 2 CORP. d/b/a
 COATZINGO RESTAURANT,

                                    Defendant.
--------------------------------------------------------------------------X

### AFFIDAVIT OF JUDGMENT BY CONFESSION

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF QUEENS       )

     MANUEL SANCHEZ, being duly sworn, deposes and declares, upon personal knowledge and under penalty of perjury, that the following is true and correct:

     1.    I am individually named as a defendant and am also the President of corporate defendant 76 Taqueria No. 2 Corp. d/b/a Coatzingo Restaurant ("76 Taqueria") in the matter of *Miriam Huanetl v. 79-11 Coatzingo Restaurant Inc. et al*, 21-cv-766, which was brought in the United States District Court for the Eastern District of New York (the "Action"). I am fully familiar with all of the facts and circumstances recited herein based on personal knowledge, and I am duly authorized to make this Affidavit of Judgment by Confession on behalf of 76 Taqueria.

     2.    76 Taqueria is an active domestic business corporation located in Queens County at 79-11 Roosevelt Avenue, Jackson Heights, New York 11372.

     3.    In connection with the Settlement Agreement filed in the Action (the "Agreement"), which is incorporated by reference and made a part hereof, I, on behalf of 76 Taqueria, hereby confess judgment and authorize that judgment be entered in favor of the plaintiff,

Miriam Huanetl, and against 76 Taqueria in the amount of One Hundred Sixty Thousand Dollars and Zero Cents ($160,000.00), with interest thereon from December 21, 2022.

4.      I, on behalf of 76 Taqueria, authorize entry of the aforementioned judgment in Queens County, New York.

5.      The sums confessed pursuant to this Affidavit of Judgment by Confession are justly due and owing to Plaintiff under the following circumstances:

a.  Plaintiff and 76 Taqueria entered into the Agreement to settle Plaintiff's claims brought in the Action, including claims for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and the New York Labor Law. Under the Agreement, which settled the Action, 76 Taqueria promised to pay Plaintiff the principal sum of Eighty Thousand Dollars and Zero Cents ($80,000.00) over an agreed period, set forth in Paragraph 2 of the Agreement and Exhibit B attached thereto.

b.  76 Taqueria expressly agreed to confess a judgment of One Hundred Sixty Thousand Dollars and Zero Cents ($160,000.00), which exceeds the amount owed to Plaintiff under the Agreement, in consideration for Plaintiff's agreement to file a Stipulation of Discontinuance with Prejudice in the Action prior to receiving all of the monies to which Plaintiff was owed under the Agreement.

c.  The One Hundred Sixty Thousand Dollars and Zero Cents ($160,000.00) confessed under this Affidavit of Judgment by Confession is less than the damages to which Plaintiff would be entitled were Plaintiff to prevail on all of her claims in the Action.

       d.   In order to secure 76 Taqueria's obligations under the Agreement, 76 Taqueria agreed to deliver this Affidavit of Judgment by Confession to counsel for Plaintiffs as part of the Agreement.

6.       76 Taqueria waives all defenses except actual payment to the entry of this judgment against 76 Taqueria in the amount of One Hundred Sixty Thousand Dollars and Zero Cents ($160,000.00), plus interest from December 21, 2022.

7.       Judgment is not confessed with fraudulent intent, to protect the property of 76 Taqueria from creditors, or to secure Plaintiff against a contingent liability, and is not an installment loan within the prohibition of C.P.L.R. § 3201.

8.       76 Taqueria consents to the personal jurisdiction of the federal and state Courts of the State of New York over this matter.

Dated: December ____, 2022

76 Taqueria No. 2 Corp.

_____

By: Manuel Sanchez, President

ACKNOWLEDGMENT

STATE OF NEW YORK            )
                                      ) ss.:
COUNTY OF QUEENS          )

On the _____ day of December, 2022, before me personally came **Manuel Sanchez**, to me known, who, by me duly sworn did depose and say that deponent is the President of 76 Taqueria No. 2 Corp., which executed the foregoing Affidavit of Judgment By Confession, that he was authorized to execute the foregoing Affidavit of Judgment By Confession and that he executed the same pursuant to such authority.

_____

Notary Public

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------------X
MIRIAM HUANETL,                                          Index No.

                              Plaintiff,

                    -against-

  79-11 COATZINGO RESTAURANT INC.,

                              Defendant.
--------------------------------------------------------------------------X

### AFFIDAVIT OF JUDGMENT BY CONFESSION

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF QUEENS       )

    MANUEL SANCHEZ, being duly sworn, deposes and declares, upon personal knowledge and under penalty of perjury, that the following is true and correct:

    1.    I am individually named as a defendant and am also the President of corporate defendant 79-11 Coatzingo Restaurant Inc. ("Coatzingo") in the matter of *Miriam Huanetl v. 79-11 Coatzingo Restaurant Inc. et al*, 21-cv-766, which was brought in the United States District Court for the Eastern District of New York (the "Action"). I am fully familiar with all of the facts and circumstances recited herein based on personal knowledge, and I am duly authorized to make this Affidavit of Judgment by Confession on behalf of Coatzingo.

    2.    Coatzingo is an active domestic business corporation located in Queens County at 79-11 Roosevelt Avenue, Jackson Heights, New York 11372.

    3.    In connection with the Settlement Agreement filed in the Action (the "Agreement"), which is incorporated by reference and made a part hereof, I, on behalf of Coatzingo, hereby confess judgment and authorize that judgment be entered in favor of the

1

plaintiff, Miriam Huanetl, and against Coatzingo in the amount of One Hundred Sixty Thousand Dollars and Zero Cents ($160,000.00), with interest thereon from December 21, 2022.

4.    I, on behalf of Coatzingo, authorize entry of the aforementioned judgment in Queens County, New York.

5.    The sums confessed pursuant to this Affidavit of Judgment by Confession are justly due and owing to Plaintiff under the following circumstances:

a.    Plaintiff and Coatzingo entered into the Agreement to settle Plaintiff's claims brought in the Action, including claims for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and the New York Labor Law. Under the Agreement, which settled the Action, Coatzingo promised to pay Plaintiff the principal sum of Eighty Thousand Dollars and Zero Cents ($80,000.00) over an agreed period, set forth in Paragraph 2 of the Agreement and Exhibit B attached thereto.

b.    Coatzingo expressly agreed to confess a judgment of One Hundred Sixty Thousand Dollars and Zero Cents ($160,000.00), which exceeds the amount owed to Plaintiff under the Agreement, in consideration for Plaintiff's agreement to file a Stipulation of Discontinuance with Prejudice in the Action prior to receiving all of the monies to which Plaintiff was owed under the Agreement.

c.    The One Hundred Sixty Thousand Dollars and Zero Cents ($160,000.00) confessed under this Affidavit of Judgment by Confession is less than the damages to which Plaintiff would be entitled were Plaintiff to prevail on all of her claims in the Action.

     d.  In order to secure Coatzingo's obligations under the Agreement, Coatzingo agreed to deliver this Affidavit of Judgment by Confession to counsel for Plaintiffs as part of the Agreement.

6.  Coatzingo waives all defenses except actual payment to the entry of this judgment against Coatzingo in the amount of One Hundred Sixty Thousand Dollars and Zero Cents ($160,000.00), plus interest from December 21, 2022.

7.  Judgment is not confessed with fraudulent intent, to protect the property of Coatzingo from creditors, or to secure Plaintiff against a contingent liability, and is not an installment loan within the prohibition of C.P.L.R. § 3201.

8.  Coatzingo consents to the personal jurisdiction of the federal and state Courts of the State of New York over this matter.

Dated: December ____, 2022

79-11 Coatzingo Restaurant Inc.


_____

By: Manuel Sanchez, President


ACKNOWLEDGMENT

STATE OF NEW YORK         )
                                 ) ss.:
COUNTY OF QUEENS        )

On the ____ day of December, 2022, before me personally came **Manuel Sanchez**, to me known, who, by me duly sworn did depose and say that deponent is the President of 79-11 Coatzingo Restaurant Inc., which executed the foregoing Affidavit of Judgment By Confession, that he was authorized to execute the foregoing Affidavit of Judgment By Confession and that he executed the same pursuant to such authority.


_____

Notary Public

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------------X
MIRIAM HUANETL,                                            Index No.

                                        Plaintiff,

                        -against-

 MANUEL SANCHEZ,

                                        Defendant.
-----------------------------------------------------------------------------X


## <u>AFFIDAVIT OF JUDGMENT BY CONFESSION</u>


STATE OF NEW YORK        )
                         ) ss:
COUNTY OF QUEENS         )

     MANUEL SANCHEZ, being duly sworn, deposes and declares, upon personal knowledge and under penalty of perjury, that the following is true and correct:

     1.     I am individually named as a defendant in the matter of *Miriam Huanetl v. 79-11 Coatzingo Restaurant Inc. et al*, 21-cv-766, which was brought in the United States District Court for the Eastern District of New York (the "Action"). I am fully familiar with all of the facts and circumstances recited herein based on personal knowledge.

     2.     I reside in Queens County at 102-23 Corona Avenue, Apt. 2, Corona, New York 11368.

     3.     In connection with the Settlement Agreement filed in the Action (the "Agreement"), which is incorporated by reference and made a part hereof, I hereby confess judgment and authorize that judgment be entered in favor of the plaintiff, Miriam Huanetl, and against me, Manuel Sanchez, in the amount of One Hundred Sixty Thousand Dollars and Zero Cents ($160,000.00), with interest thereon from December 21, 2022.

4.    I authorize entry of the aforementioned judgment in Queens County, New York.

5.    The sums confessed pursuant to this Affidavit of Judgment by Confession are justly due and owing to Plaintiff under the following circumstances:

  a. Plaintiff and I entered into the Agreement to settle Plaintiff's claims brought in the Action, including claims for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and the New York Labor Law. Under the Agreement, which settled the Action, I promised to pay Plaintiff the principal sum of Eighty Thousand Dollars and Zero Cents ($80,000.00) over an agreed period, set forth in Paragraph 2 of the Agreement and Exhibit B attached thereto.

  b. I expressly agreed to confess a judgment of One Hundred Sixty Thousand Dollars and Zero Cents ($160,000.00), which exceeds the amount owed to Plaintiff under the Agreement, in consideration for Plaintiff's agreement to file a Stipulation of Discontinuance with Prejudice in the Action prior to receiving all of the monies to which Plaintiff was owed under the Agreement.

  c. The One Hundred Sixty Thousand Dollars and Zero Cents ($160,000.00) confessed under this Affidavit of Judgment by Confession is less than the damages to which Plaintiff would be entitled were Plaintiff to prevail on all of her claims in the Action.

  d. In order to secure my obligations under the Agreement, I agreed to deliver this Affidavit of Judgment by Confession to counsel for Plaintiffs as part of the Agreement.

2

6.      I waive all defenses except actual payment to the entry of this judgment against me, Manuel Sanchez, in the amount of One Hundred Sixty Thousand Dollars and Zero Cents ($160,000.00), plus interest from December 21, 2022.

7.      Judgment is not confessed with fraudulent intent, to protect my property from creditors, or to secure Plaintiff against a contingent liability, and is not an installment loan within the prohibition of C.P.L.R. § 3201.

8.      I consent to the personal jurisdiction of the federal and state Courts of the State of New York over this matter.

Dated: December ___, 2022

_____
Manuel Sanchez



<u>ACKNOWLEDGMENT</u>

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF QUEENS             )

On the ____ day of December, 2022, before me personally came **Manuel Sanchez**, to me known, who, by me duly sworn did depose that he executed the foregoing Affidavit of Personal Judgment by Confession.


_____
Notary Public

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------------------X
MIRIAM HUANETL,                                              Index No.

                                    Plaintiff,

                     -against-

 MAXIMO OREA,

                                    Defendant.
---------------------------------------------------------------------------X

## **AFFIDAVIT OF JUDGMENT BY CONFESSION**

STATE OF NEW YORK    )
                            ) ss:
COUNTY OF QUEENS    )

       MAXIMO OREA, being duly sworn, deposes and declares, upon personal knowledge and under penalty of perjury, that the following is true and correct:

       1.      I am individually named as a defendant in the matter of *Miriam Huanetl v. 79-11 Coatzingo Restaurant Inc. et al*, 21-cv-766, which was brought in the United States District Court for the Eastern District of New York (the "Action"). I am fully familiar with all of the facts and circumstances recited herein based on personal knowledge.

       2.      I reside in Queens County at 99-07 42nd Avenue, Apt. 3B, Corona, New York 11368.

       3.      In connection with the Settlement Agreement filed in the Action (the "Agreement"), which is incorporated by reference and made a part hereof, I hereby confess judgment and authorize that judgment be entered in favor of the plaintiff, Miriam Huanetl, and against me, Maximo Orea, in the amount of One Hundred Sixty Thousand Dollars and Zero Cents ($160,000.00), with interest thereon from December 21, 2022.

1

4.      I authorize entry of the aforementioned judgment in Queens County, New York.

5.      The sums confessed pursuant to this Affidavit of Judgment by Confession are justly due and owing to Plaintiff under the following circumstances:

a. Plaintiff and I entered into the Agreement to settle Plaintiff's claims brought in the Action, including claims for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and the New York Labor Law. Under the Agreement, which settled the Action, I promised to pay Plaintiff the principal sum of Eighty Thousand Dollars and Zero Cents ($80,000.00) over an agreed period, set forth in Paragraph 2 of the Agreement and Exhibit B attached thereto.

b. I expressly agreed to confess a judgment of One Hundred Sixty Thousand Dollars and Zero Cents ($160,000.00), which exceeds the amount owed to Plaintiff under the Agreement, in consideration for Plaintiff's agreement to file a Stipulation of Discontinuance with Prejudice in the Action prior to receiving all of the monies to which Plaintiff was owed under the Agreement.

c. The One Hundred Sixty Thousand Dollars and Zero Cents ($160,000.00) confessed under this Affidavit of Judgment by Confession is less than the damages to which Plaintiff would be entitled were Plaintiff to prevail on all of her claims in the Action.

d. In order to secure my obligations under the Agreement, I agreed to deliver this Affidavit of Judgment by Confession to counsel for Plaintiffs as part of the Agreement.

6.    I waive all defenses except actual payment to the entry of this judgment against me, Maximo Orea, in the amount of One Hundred Sixty Thousand Dollars and Zero Cents ($160,000.00), plus interest from December 21, 2022.

7.    Judgment is not confessed with fraudulent intent, to protect my property from creditors, or to secure Plaintiff against a contingent liability, and is not an installment loan within the prohibition of C.P.L.R. § 3201.

8.    I consent to the personal jurisdiction of the federal and state Courts of the State of New York over this matter.

Dated: December ___, 2022

_____
Maximo Orea


ACKNOWLEDGMENT

STATE OF NEW YORK              )
                              ) ss.:
COUNTY OF QUEENS              )

On the ____ day of December, 2022, before me personally came **Maximo Orea**, to me known, who, by me duly sworn did depose that he executed the foregoing Affidavit of Personal Judgment by Confession.


_____
Notary Public

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X
MIRIAM HUANETL,                                             Index No.

                                    Plaintiff,

                        -against-

 RUFINO ZAPATA,

                                    Defendant.
-------------------------------------------------------------------------X

## **AFFIDAVIT OF JUDGMENT BY CONFESSION**

STATE OF NEW YORK      )
                                        ) ss:
COUNTY OF QUEENS      )

       RUFINO ZAPATA, being duly sworn, deposes and declares, upon personal knowledge and under penalty of perjury, that the following is true and correct:

       1.     I am individually named as a defendant in the matter of *Miriam Huanetl v. 79-11 Coatzingo Restaurant Inc. et al*, 21-cv-766, which was brought in the United States District Court for the Eastern District of New York (the "Action"). I am fully familiar with all of the facts and circumstances recited herein based on personal knowledge.

       2.     I reside in Queens County at 33-11 86th Street, Jackson Heights, New York 11372.

       3.     In connection with the Settlement Agreement filed in the Action (the "Agreement"), which is incorporated by reference and made a part hereof, I hereby confess judgment and authorize that judgment be entered in favor of the plaintiff, Miriam Huanetl, and against me, Rufino Zapata, in the amount of One Hundred Twenty Thousand Dollars and Zero Cents ($120,000.00), with interest thereon from December 21, 2022.

1

4.      I authorize entry of the aforementioned judgment in Queens County, New York.

5.      The sums confessed pursuant to this Affidavit of Judgment by Confession are justly due and owing to Plaintiff under the following circumstances:

    a.  Plaintiff and I entered into the Agreement to settle Plaintiff's claims brought in the Action, including claims for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and the New York Labor Law. Under the Agreement, which settled the Action, I promised to pay Plaintiff the principal sum of Eighty Thousand Dollars and Zero Cents ($80,000.00) over an agreed period, set forth in Paragraph 2 of the Agreement and Exhibit B attached thereto.

    b.  I expressly agreed to confess a judgment of One Hundred Twenty Thousand Dollars and Zero Cents ($120,000.00), which exceeds the amount owed to Plaintiff under the Agreement, in consideration for Plaintiff's agreement to file a Stipulation of Discontinuance with Prejudice in the Action prior to receiving all of the monies to which Plaintiff was owed under the Agreement.

    c.  The One Hundred Twenty Thousand Dollars and Zero Cents ($120,000.00) confessed under this Affidavit of Judgment by Confession is less than the damages to which Plaintiff would be entitled were Plaintiff to prevail on all of her claims in the Action.

    d.  In order to secure my obligations under the Agreement, I agreed to deliver this Affidavit of Judgment by Confession to counsel for Plaintiffs as part of the Agreement.

6.      I waive all defenses except actual payment to the entry of this judgment against

me, Rufino Zapata, in the amount of One Hundred Twenty Thousand Dollars and Zero Cents

($120,000.00), plus interest from December 21, 2022.

7.      Judgment is not confessed with fraudulent intent, to protect my property from

creditors, or to secure Plaintiff against a contingent liability, and is not an installment loan within

the prohibition of C.P.L.R. § 3201.

8.      I consent to the personal jurisdiction of the federal and state Courts of the State

of New York over this matter.

Dated: December ____, 2022


_____

Rufino Zapata



ACKNOWLEDGMENT

STATE OF NEW YORK              )
                              ) ss.:
COUNTY OF QUEENS              )

On the _____ day of December, 2022, before me personally came **Rufino Zapata**, to me known,
who, by me duly sworn did depose that he executed the foregoing Affidavit of Personal Judgment
by Confession.


_____

Notary Public